```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

DEBORAH J. CREECY,              )
                                )
            Plaintiff,           )
                                )
v.                               )    Case No. CIV-14-425-KEW
                                )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                )
            Defendant.           )

**OPINION AND ORDER**

Plaintiff Deborah J. Creecy (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 18, 1955 and was 57 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a newspaper carrier. Claimant alleges an inability to work beginning July 15, 2003 due to limitations resulting from blindness.

### Procedural History

On July 29, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the

3

Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On March 13, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Larry D. Shepherd in Oklahoma City, Oklahoma with Claimant appearing *pro se*. He issued an unfavorable decision on April 26, 2013.  The Appeals Council denied review of the ALJ's decision on July 25, 2014.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

Claimant is currently receiving Supplemental Security Income benefits from Defendant on the basis of her osteoarthritis and other conditions.

### Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation.  He determined that while Claimant suffered from medically determinable impairments, her statutory blindness did not constitute a severe impairment.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to properly evaluate whether Claimant met or equaled the statutory requirements for blindness.

### Review and Discussion

In his decision, the ALJ found Claimant suffered from the medically determinable impairments of right hemianopia, stroke by history (2005), degenerative disc disease, congenital deformity of the right lower extremity resulting in short leg syndrome, hypertension, diabetes type II, and obesity. (Tr. 17). He concluded, however, that her claimed condition on this application, statutory blindness, did not significantly limit her ability to perform basic work-related activities for 12 consecutive months. As a result, the ALJ determined Claimant did not suffer from a severe impairment or combination of impairments at step two. (Tr. 18).

Claimant contends the ALJ failed to properly evaluate her statutory blindness. On August 4, 2011, Claimant was seen by Dr. David Hobbs due to a loss in peripheral vision. His Humphrey visual field testing showed. MD -21.43 in the right eye and MD -24.14 in the left eye. Claimant could move around the office without assistance. (Tr. 329-34).

On October 10, 2011, Claimant was evaluated by Dr. Vidya Rege, an ophthalmologic consultative examiner. Dr. Rege diagnosed Claimant with homonymous hemianopia, blurred vision and stroke by history. He found Claimant lost her peripheral vision after a stroke but had worn glasses for myopia for many years. His testing revealed Claimant had 20/200 vision in her right eye and left eye

5

without glasses but 20/40 vision near in both eyes and 20/20+1 vision distance in her right eye and 20/40+1 vision distance in her left eye. Her field of vision was found to be abnormal with the widest diameter in degrees of her remaining peripheral visual fields to be 20 degree nasal in the right eye and 5 degrees temporal in the left eye. He recommended regular checkups but the chances of improvement in her field of vision were considered slim. (Tr. 319-20).

Claimant saw Dr. Rege again on December 19, 2011. Her visual acuity without glasses was found to be 20/100 in both eyes. Her vision with glasses was 20/25 in the right eye and 20/50 in the left eye. Her field of vision was right hemianopia. (Tr. 322).

On December 29, 2011, Dr. Katherine Scheirman reviewed Claimant's records. She concluded Claimant met Listing 2.04. She does not reference any other listing. (Tr. 328). On March 27, 2012, Dr. Penny Aber also reviewed the records. She concluded Claimant meets Listing 2.04 but not Listing 2.02 or 2.03A. (Tr. 335).

On October 26, 2011, Dr. Scheirman noted a significant variability in the ophthalmolgy records and requested another consultative examination. (Tr. 217). She also noted that the Humphrey visual fields test should be used. (Tr. 216).

The ALJ gave the opinions of Dr. Scheirman and Dr. Aber "great

6

weight." They evaluated the testing and determined the October, 2011 test performed by Dr. Rege did not use the appropriate test while the later testing did but did not meet Listing 2.03A as urged by Claimant. (Tr. 20).

In order to meet a listing, Claimant must demonstrate he meets or equals all of the specified medical criteria of the particular Listing. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Under Listing 2.03A, a visual field test which measures in specific parameters is required. The Listing specifically states the Humphrey Field Analyzer was acceptable. The Listing also sets forth the testing result requirements. Only Dr. Rege's first test which was not performed on equipment that Dr. Scheirman considered met the Listing requirements. This Court cannot find that the reliance upon the test expressly endorsed by the listings was error.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 29th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE